IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TENA WARE,**

        **Plaintiff,**

        v.                                 **CIVIL ACTION NO. 2:10cv67**
                                                **(Bailey)**

**MICHAEL ASTRUE,**
**COMMISSIONER, SOCIAL**
**SECURITY ADMINISTRATION,**

        **Defendant.**

## ORDER

The above-styled matter is before this Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel. Magistrate Judge Joel filed his Report and Recommendation (R&R) (Doc. 20) on March 14, 2011, wherein the parties were directed, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within fourteen (14) days after being served with a copy of the R&R. No objections have been filed. Accordingly, the Court will review the Magistrate's R&R for clear error.[1]

Upon examination of the report from the Magistrate Judge, it appears to this Court that the issues raised in the cross motions for summary judgment were thoroughly considered by Magistrate Judge Joel in his R&R. This Court, reviewing all matters now before it for clear error, is of the opinion that the R&R accurately reflects the law applicable to this case. Therefore, it is

---

[1]The failure of a party to object to a Report and Recommendation waives the party's right to appeal from a judgment of this Court based thereon and, additionally, relieves the Court of any obligation to conduct a *de novo* review of the issues presented. *See* **Wells v. Shriners Hospital**, 109 F.3d 198, 199-200 (4th Cir. 1997); **Thomas v. Arn**, 474 U.S. 140, 148-153 (1985).

**ORDERED** that Magistrate Judge Joel's R&R (Doc. 20) be, and the same hereby is, **ADOPTED**. Accordingly, it is

**ORDERED** that the defendant's Motion for Summary Judgment (Doc. 18) shall be, and the same hereby is, **DENIED**. It is further

**ORDERED** that the plaintiff's Motion for Summary Judgment (Doc. 12) shall be, and the same hereby is, **GRANTED IN PART**. It is further

**ORDERED** that this matter is **REVERSED AND REMANDED** to the ALJ pursuant to the fourth sentence of 42 U.S.C. §405(g) for further action in accordance with the R&R, that is to clarify his findings as to the functional limitations of the plaintiff's left upper extremity and her ability to perform her past relevant work. It is further

**ORDERED** that the Clerk of Court shall enter judgment reversing the decision of the defendant and remanding the case to the ALJ for further proceedings and shall thereafter **DISMISS** this action from the docket of this Court.

Counsel for the plaintiff is advised that an application for attorney's fees under the Equal Access to Justice Act (EAJA), if one is to be submitted, must be filed within ninety (90) days from the date of the judgment order.

The Clerk of Court is directed to enter a separate judgment order and to send a copy of this Order to all counsel of record.

**DATED**: April 1, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE